IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NESTOR TORRES-SANTOS<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL WESTERN LIFE<br>INSURANCE COMPANY<br><br>Defendant. | CIV. NO.: 19-1789 (SCC) |

**OPINION AND ORDER**

Plaintiff Nestor Torres-Santos ("Torres" or "plaintiff") brought an action for damages against National Western Life Insurance Company ("National Western"), as a result of the termination of his contract as a life insurance agent for said company. Torres claimed that the termination contravened Act 75 of June 24, 1964, P.R. Laws Ann. Tit. 10 §278 et seq., as amended ("Law 75"). *See* Docket Nos. 1 and 8. Torres also sought injunctive relief to have him reinstated as National

| Torres-Santos v. National Western Insurance Company | Page 2 |
|---|---|

Western's dealer in Puerto Rico. A preliminary injunction hearing was held on December 12, 2019. *See* Docket No. 41. The magistrate judge that presided over the hearing issued a Report and Recommendation recommending that the preliminary injunction be denied reasoning that Torres failed to meet the criteria for being a dealer under Law 75, which is a threshold requirement for relief. *See* Docket No. 47. After considering the objections to the Report and Recommendation and conducting a *de novo* review the Court adopted it in its entirety and affirmed the magistrate-judge's decision. *See* Docket No. 53. Furthermore, the Court advised the parties that it would treat defendant's Motion to Dismiss at Docket No. 18 as a Motion for Summary Judgment pursuant to Fed. R. Civ. Proc. 12(d) and 56. The parties were granted until April 2, 2020, to supplement the record regarding the summary disposition of the case. *See* Docket No. 55.

| | |
|---|---|
| Torres-Santos v. National Western Insurance Company | Page 3 |

National Western filed a motion for summary judgment under the purview of Fed. R. Civ. Proc. 56, arguing, *inter alia*, that Torres could not seek relief under Law 75 because he was not a dealer pursuant to the definition of law. An accompanying statement of uncontested material facts, compliant with Fed. R. Civ. Proc. 56 (c) and District of P.R. Local Rule 56 (b) was filed. *See* Docket No. 58. Defendant filed these motions on April 9, 2020.

Almost 10 months have elapsed, and Torres did not answer or oppose the motion for summary judgment, nor did he file an opposing statement of material facts. On June 17, 2020, Defendants moved the Court to deem the statement of uncontested material facts admitted and that the Amended Complaint be summarily dismissed. *See* Docket No. 59.

| | |
|---|---:|
| Torres-Santos v. National Western Insurance Company | Page 4 |

District of P.R. Local Rule 7(b) provides that: "[u]nless within fourteen (14) days after service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion."

Even considering the lock down caused by the COVID-19 pandemic and the miscellaneous orders issued by the Chief Judge of the District of Puerto Rico extending the terms for filings, the plaintiff has had ample time to oppose the motions and contest the material facts. Since plaintiff has failed to do so, the statement of uncontested material facts is deemed admitted and uncontroverted.

With the statement of material facts uncontroverted, summary disposition is appropriate pursuant to Fed.R. Civ. Proc. 56 (e)(3). Plaintiff is not entitled to the protections afforded by Law 75 since he is not a dealer under the scope of the law.

| | |
|---|---|
| Torres-Santos v. National Western Insurance Company | Page 5 |

For the reasons set forth above, the motion for summary judgment filed by defendants at Docket No. 58 is **GRANTED.**

IT IS ORDERED.

In San Juan, Puerto Rico, this 3rd day of February, 2021.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE